Peck, J.,
delivered the opinion of the court:
James Stone represents that he has been a laborer on the public grounds in the city of Washington since 1861, appointed in conformity with law by the Commissioner of Public Buildings, by which appointment he became an employé in the office of said Commissioner under a salary of i960, regularly appropriated annually, which has been paid to him.
That at the second session of the 39th Congress a joint resolution, giving additional compensation to certain employés in the civil service of the United States,” was passed and approved by the President, which is in these words :
“ That there shall he allowed and paid, out of any money in the *261 treasury not otherwise appropriated, to the following-described persons now employed in the civil service of the United States-at Washington, as follows : To civil officers and temporary and all other clerks, messengers, and watchmen, including enlisted men detailed as such, to be computed ripon the gross amount of the compensation received-by them; and employes, male and female, in the Executive Mansion, and in any of the following-named departments, or any bureau or division thereof, to wit: State, Treasury, War, Navy, Interior, Post Office, Attorney General’s, Agricultural, and including civil officers and temporary and all other clerks and employes, male and female; in the office of the Coast Survey, Naval Observatory, navy yard, arsenal, Paymaster General, including the division of referred claims, Commissary General of Prisoners, Bureau of Refugees, Freedmen and Abandoned Lands, Quartermaster’s, Capitol and Treasury Extension, city post office, and Commissioner of Public Buildings ; to the photographer of the Treasury Department; to the superintendent of meters, and to lamplighters under the Commissioner of Public Buildings, an additional compensation of 20 per centum on their respective salaries as fixed by law, or, where no salary is fixed by law, upon their pay, respectively, for one year from and after the 30th day of June, 1866; but when any of said persons is or shall be only entitled to receive salary or pay for a part of said year, the said 20 per centum shall be computed on the amount such person is so entitled to receive for services in any or all of said departments or offices.within said year: Provided, That the above-named additional compensation to the employes of the Patent Office shall be paid out of the funds of said office': Provided further, That this resolution shall' not apply to persons whose salaries, as fixed by law, exceed $3,500 per annum.”
That by virtue of the resolution he, being an employé as aforesaid, is entitled to an additional 20,per centum upon his salary. That he has made application for the said additional compensation to the proper department, and it has been denied him upon the ground that ho does not come within the provisions 'of said resolution.
The testimony shows that claimant was on the registry of appointments kept by the Commissioner of Public Buildings as foreman of laborers, which, position he had held for several yéars previous to and until the 2d of March, 1867, receiving for his services a salary of $800, and 20 per cent, additional on the last sum under a continuing law.
The Assistant Solicitor urges as an -objectipn to the recovery, and we suppose he presents the views entertained by the Treasury Department, that the claimant was not employed “in the office” of the Com *262 missioner of Public Buildings, insisting that none but those who were employed, within the four walls of the office, should he considered as entitled to the additional 20 per cent, appropriated by the resolution of 1867. This, we think, is not what was intended by Congress, and is a construction of the resolution which is altogether too narrow. Claimant was doubtless an employe either in the Bureau of the Commissioner of Public Buildings, or in some division thereof. The duties within the business or office of that Commissioner necessarily require the services of many persons in out-door occupations, who could be advantageously employed. Webster, in his dictionary, says an employe “ is one who is employed,” which is the only definition given by him. Worcester says an employe “is one who is employed ; an official, a clerk, a servant.” Johnson’s dictionary does not define the word. It seems to be a word recently adopted into our language from the French, and applies equally to a person within or without the office, whether he be a servant or clerk. “ An office is frequently taken, not with reference to the place occupied, but simply to the thing done.” (Orabb’s Synonymes.)
A person who is engaged in the performance of the proper duties of an office is an “ employé in the office,” whether his particular duties are carried on within or without the walls of the building in which the chief officer usually transacts his business. The word “ office,” as used in the joint resolution under consideration, refers to the functions tobe performed, not to the place where they are performed.
We have no doubt but that the word “ employé” was used because of its extensive application, since the resolution seems to have been carefully drawn with the intention to include within its benefits all persons of whatever description engaged in the civil service at Washington in the several departments and places mentioned, whether permanently or temporarily engaged, either upon salaries or pay, whether they rendered service within or without the four walls of the buildings where the principal officers are generally to be found ; provided, only, that the resolution should not apply to persons whose salaries, as fixed by law, exceeded $3,500 per annum.
The word “employé,” as used in the resolution under consideration, signifies any one in place, or having charge, or using a function, as well as one in office.
In the case of Hannibal Graham, decided by this court,-(1 Nott & Hunt. B.ep., p. 380,) this court held that the office of Commissioner of Public Buildings is an executive department, and that a laborer in-the employment of the government was entitled to an additional allow- *263 anee beyond his salary by virtue of a joint resolution granting it, and that a person in charge of the water-closets in the Capitol under the direction of the Commissioner of Public Buildings was within the meaning of the words “laborers in the employment of the government in the executive departments and on the public grounds in the city of Washington.” The present is a case of as little doubt as that.
In the case of The United States v. Bellew, which was tried before Chief Justice Marshall upon an indictment against Bellew for purloining letters from the mail which had been intrusted to him as a carrier, he being the servant of the contractor for carrying the mail, employed and paid by him, and not otherwise connected with the Post Office Department. Bellew was convicted, and a motion was made for a new trial, upon the ground that he was not “ a person employed in any of the departments of the Post Office.” On overruling the motion the Chief Justice said: “The business belonging to the Post Office is in a department of the Post Office; a person employed in that business is a person employed in a department of the Post Office.” (2 Brockenborough’s Rep., p. 280.)
With this precedent before us, we see no difficulty in deciding that one holding a salaried appointment, whose name is on the regular payroll of the Commissioner of Public Buildings, acting daily under his instructions, is an employe “in the office” of that functionary.
A judgment should he entered in favor of this claimant for the sum of $120, the amount of 20 per centum on his salary from the 30th day of June, 1866, to the 2d day of March, 1S67, and it is so ordered.